ISRAEL POST, Jr. vs. OBADIAH S. HAIGHT.

ISRAEL POST, Jr. vs. OBADIAH S. HAIGHT.

The court on motion will not look beyond the record and papers to ascertain who the attorney in fact is to the suit ; it is sufficient if any attorney of the court appears upon the record and papers. An attorney who lends his name to his clerk to defend a suit, and refuses in the progress of the cause to have any thing to do with it, never having been retained, but refers all matters in relation to it to his clerk, who has used his name as attorney in the suit under the statute; is held to be the proper attorney to make a motion in the cause.

*Motion by defendant to consolidate the above two causes into one.*—Defendant's affidavit stated that the first mentioned suit was commenced by declaration on the 14th of March, 1845; the second suit was commenced on the 24th of March, 1845, by declaration ; both actions were in assumpsit and might be consolidated, there was substantially the same defence in each. The plaintiff objected to the motion on the ground that George G. Scott, Esq., the defendant's attorney who appeared upon record, was not the attorney in fact, and had no right to make this motion. Scott having merely allowed his name to be used under the statute as defendant's attorney by one A. S. Haight, a clerk in his office at the time of the commencement of the suit. Haight having since (in May term last,) been admitted an attorney of this court ; that Scott refused to do any thing about the suits with plaintiff's attorney, saying he had never been retained and knew nothing about them ; that Haight had the management of them altogether.

A. HILL, Jr., *Defts Counsel.*          GEO. G. SCOTT, *Defts Atty.*
W. B. LITCH, *Plffs Counsel.*           W. B. LITCH, *Plffs Atty.*

JEWETT, Justice.—Said he could not look beyond the papers, and the records in the suit, to ascertain who the attorney was in fact, it was enough for him to know that an attorney of this court appeared upon the records and in the papers for the motion; without inquiring by what

means or in what manner he came to be the attorney. The motion must be granted.

*Decision.*—Motion granted with costs.